

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STEPHEN HAGIN, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-040-A |
| | § | (NO. 4:12-CR-146-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for decision the motion of Stephen Hagin ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. After having considered such motion, the government's response, and pertinent parts of the record in Case No. 4:12-CR-146-A, styled "United States of America v. Hagin," the court has concluded that such motion should be denied.

I.

Background

On September 6, 2012, movant entered a plea of guilty to possession of controlled substance with intent to distribute. CR Doc.[1] 42. Movant's advisory guideline range was 292 to 365 months imprisonment, and on December 21, 2012, the court sentenced him to a term of 365 months' imprisonment and four years of supervised release. CR Doc. 25; CR Doc. 42; & CR Doc. 46. Movant

---

[1] The "CR Doc. __" references are to the numbers assigned to the referenced documents on the docket of the underlying criminal case, No. 4:12-CR-146-A.

appealed his sentence and the sentence was affirmed. <u>United States v. Hagin</u>, 583 F. App'x 393 (5th Cir. 2014).

The government does not dispute that movant has timely filed his motion under 28 U.S.C. § 2255. The pertinent facts are adequately summarized by the government's response and will not be repeated here.

II.

Grounds of the Motion

Movant asserts three grounds in support of his motion. Doc.[2] 1 at 5-8. The grounds, as stated by movant, are as follows:

> Ground One: Trial counsel rendered unconstitutionally ineffective assistance by failing to file and pursue a motion to suppress evidence.

\* \* \* \* \* \*

> Ground Two: Trial counsel's failure to advise Petitioner regarding the viability of a Fourth Amendment challenge or conditional guilty plea constituted ineffective assistance with respect to Petitioner's decision to plead guilty, rendering the plea involuntary.

\* \* \* \* \* \*

> Ground Three: Trial counsel rendered ineffective assistance by failing to move for dismissal of the indictment where (1) police guaranteed Petitioner that he would not be federally prosecuted in exchange for setting up his drug supplier, (2) Petitioner fully performed, and (3) Petitioner detrimentally relied upon those promises and incriminated himself.

Doc. 1 at 5-8.

---

[2] The "Doc. __" references are to the numbers assigned to the referenced documents on the docket of this case, No. 4:16-CV-040-A.

III.

Analysis

A. Pertinent Legal Principles

1. Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-65 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991).

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

3

2.  <u>Legal Standard for Ineffective Assistance of Counsel</u>

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>see</u> <u>also</u> <u>Missouri v. Frye</u>, 566 U.S. ___, 132 S. Ct. 1399, 1409-11 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." <u>Strickland</u>, 466 U.S. at 697; <u>see</u> <u>also</u> <u>United States v. Stewart</u>, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," <u>Harrington v. Richter</u>, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Cullen v. Pinholster</u>, 563 U.S. 170, 189 (2011) (quoting <u>Strickland</u>, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. <u>Strickland</u>, 466 U.S. at 689. Stated differently, the question is whether counsel's representation amounted to incompetence under

4

prevailing professional norms and not whether it deviated from best practices or most common custom. Premo v. Moore, 562 U.S. 115, 122 (2011).

B.  The Grounds of the Motion are Without Merit

   1.  Ground One

Movant's first ineffective assistance of counsel claim relates to counsel's failure to file a motion to suppress evidence. Doc. 1 at 5. Movant contends that some of the evidence against him was illegally obtained by the government. Doc. 7 at 12-16. Movant's claims are nothing more than conclusory allegations which cannot sustain a claim for ineffective assistance of counsel. See Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983).

An ineffective assistance of counsel claim cannot be based on "an attorney's failure to raise a meritless argument." See United States v. Kimbler, 167 F.3d 889, 893 (5th Cir. 1999) (citations omitted). Movant entered a plea of guilty to the charges against him. CR. Doc. 46 at 26. Movant also signed a factual resume, indicating that he was guilty. CR Doc. 21; CR Doc. 46 at 26. The factual resume was read aloud and movant testified that the facts asserted therein were true. CR Doc. 46 at 26. Movant has not show that counsel's failure to file a motion to suppress met the high bar of ineffective assistance of counsel or that a motion to suppress would have changed the

5

outcome of the proceeding. See Strickland, 466 U.S. at 686. Furthermore, at his rearraignment, movant stated that he was satisfied with counsel and had no complaint whatsoever as to his representation. CR Doc. 46 at 24. The record shows that there is ample evidence to support a conclusion that movant was guilty and that counsel was not ineffective for failing to raise a motion to suppress.

2. Ground Two

Movant's second ineffective assistance of counsel claim is that counsel failed to advise him of constitutional challenges or the ability to enter a conditional guilty plea, which he claims rendered the guilty plea involuntary. Doc. 1 at 6. Movant's claims are not supported by the record. As discussed above, movant not only stated that he was entering a voluntary plea of guilty, he signed a factual resume that stated he was guilty of possession of a controlled substance with intent to distribute and stipulated to facts that supported his conviction. CR Doc. 21; CR Doc. 46 at 26. In addition, the factual resume stated the penalty for such crime was imprisonment of not less than 5 years and not more than 40 years and he was sentenced within that range. CR Doc. 21; CR Doc. 42. At his rearraignment hearing, movant stated that prior to signing the factual resume he read, understood, and discussed the legal meaning of the document with

counsel. CR Doc. 46 at 24-26. Movant testified that the facts set forth in the factual resume were true. CR Doc. 46 at 24-26.

Furthermore, as discussed above, counsel's failure to file a motion to suppress evidence does not amount to ineffective assistance of counsel which might render movant's plea of guilty involuntary. Thus, defendant has not shown that counsel was ineffective.

3. <u>Ground Three</u>

Movant's third ground involves failure of counsel to move to dismiss the indictment. Doc. 1 at 8. This claim is based on movant's allegation that arresting officers guaranteed that movant would not be federally prosecuted if he cooperated in setting up his drug supplier. Doc. 1 at 8.

The record indicates that movant's cooperation was taken into account during his sentencing. CR Doc. 40 at 3-5. In part because of his cooperation with law enforcement, movant received a three point reduction in his offense level calculated in the presentence report. CR Doc. 24. In addition, during his sentencing, movant's attorney explained that defendant had cooperated by setting up a buy from his drug supplier and the government agreed that movant had cooperated. CR Doc. 40 at 3-5. The court stated that it would take his cooperation into account when sentencing movant. CR Doc. 40 at 3-5.

As to an alleged agreement with law enforcement, prior to taking movant's plea at his rearraignment, the court stated, "[y]ou should never depend or rely upon any statement or promise by anyone, whether connected with a law enforcement agency, or the Government, or anyone else as to what penalty will be assessed against you." CR Doc. 46 at 6-7. The court stressed that a plea of guilty must be voluntary and "not be induced or prompted by any promises, mental pressure, threats, force, coercion, or pressure of any kind." CR Doc. 46 at 7. The court also made it clear that it was the court and no one else that would determine movant's sentence. CR Doc. 46 at 6. The court asked movant if "anyone made any promise or assurance to you of any kind in an effort to induce you to enter a plea of guilty in this case?" CR. Doc. 46 at 25. Movant answered this question with a no and entered a plea of guilty. CR. Doc. 46 at 25-26.

Movant offers his unsigned declaration and a declaration of his mother to support his contention that law enforcement indicated to him that if he cooperated in setting up his drug supplier he would not be federally prosecuted. Doc. 7 at Ex. 1; Doc. 8. As stated above, movant's cooperation with law enforcement was taken into account in determining his sentence. With the ample evidence that existed in this case, movant's counsel was not ineffective in failing to move to dismiss the indictment.

IV.

Order

Consistent with the foregoing,

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

* * * * * *

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED March 10, 2016.

_____
JOHN McBRYDE
United States District Judge